UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMIAN ADREACE JAMES,

        Plaintiff,

v.                                                         Case No. 08-C-1003

OFFICER J. SOLIS MARQUEZ and
OFFICER HORZEWSKI,

        Defendants.

## MEMORANDUM AND ORDER

Plaintiff Damian Adreace James, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Milwaukee County Jail.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The plaintiff filed a certified copy of his prisoner trust account statement for the three-month period immediately preceding the filing of the complaint. The requirement of 28 U.S.C. § 1915(a)(2) is that a statement covering a six-month period is to be filed, but Plaintiff's intake date was July 25, 2008 and his statement covers that period through October 28, 2008. He also filed the required affidavit of indigence. As his account balance as of October 28, 2008, was only ten cents, he lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this

standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The Eighth Amendment, which prohibits "cruel and unusual punishments," imposes a duty on prison officials to ensure that inmates receive adequate food, clothing, shelter, and medical care; prison officials also must take reasonable measures to guarantee an inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); see U.S. Const. amend. VIII. A prison official's "deliberate indifference" to a prisoner's medical needs or to a substantial risk of serious harm to an inmate violates the Eighth Amendment, which is applicable to the states through the Fourteenth Amendment. *See Farmer*, 511 U.S. at 828; *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Deliberate indifference to the serious medical needs of an inmate constitutes the "unnecessary and wanton infliction of pain proscribed by the Eighth Amendment" and states a claim under § 1983. *Estelle*, 429 U.S. at 102 (internal citations omitted). Such a claim contains both an objective and a subjective component. *Greene v. Dailey*, 414 F.3d 645, 653 (7th Cir. 2005). A prisoner must demonstrate that he has an objectively serious medical condition, either diagnosed as requiring further attention or "so obvious that even a layperson would perceive the need for a

3

doctor's attention." *Id*. The prisoner must also establish a sufficient level of culpability on the part of the prison officials. *Id*. The officials "must know of and disregard an excessive risk to inmate health; indeed, they must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and must also draw the inference." *Id*. (internal quotations and citations omitted).

James claims that defendants were grossly negligent and deliberately indifferent to his medical condition. The claim of gross negligence can be dispatched with, as such a claim is not cognizable under the Eighth Amendment. *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992) ("Negligence or even gross negligence is not enough; rather, plaintiffs must show *actual intent* or *deliberate indifference* on the part of state actors in order to make out an eighth amendment claim.") (emphasis in original) (citation omitted).

James alleges he ate a chicken dinner at the Milwaukee County Jail on July 30, 2008, which he believes was undercooked. He claims he became ill soon thereafter and remained ill for a few days. James alleges he was seen by two nurses eight hours after he began to vomit, who provided him with Pepto-Bismol. James also visited the medical clinic on the morning of July 31, 2008, and was seen by a nurse practitioner. James claims he was diagnosed with acute food poisoning and placed on a liquid diet and "vomit medication."

Sifting through James' complaint against the two jail officers he names, it appears he alleges Horzewski observed James passed out in his cell, lying in his vomit and took no action after he said, "He's okay. He's just sleeping. I see him breathing." (Compl. Pt. IV. A.) The complaint also alleges that Horzewski did not take action after James told him his vomit contained blood, instead he said "I do not jump for inmates. If I get to it, I get to it. If not, oh well." (*Id.*) The allegation that

4

Horzewski showed such callous indifference to James' medical and sanitary needs in the midst of his illness may be sufficient to state an Eighth Amendment claim. Letting him lie in his vomit, failing to take steps to obtain aid or help him clean himself up, given the serious medical condition James alleges he was suffering from, at least minimally states a claim of deliberate indifference against Horzewski. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (frequent vomiting accompanied with heartburn is an objectively serious medical need). Accordingly, the claim against Horzewski may proceed.

James alleges defendant Marquez did the following: (1) observed James unconscious in a puddle of vomit and took no action; (2) took no action after being notified of a "quarter sized obtrusion" on James' forehead; (3) brought James four bologna sandwiches, milk and apple juice and told him to eat it after James had been placed on a liquid diet by the nurse practitioner; and (4) after James vomited subsequent to eating the sandwiches, told him "You are the dumbass who ate the shit, so deal with it." (Compl. Pt. IV. A.) These allegations likewise are sufficient to state an Eighth Amendment claim against Marquez. If true, the conduct alleged demonstrates wanton and cruel disregard of an inmate in the midst of a serious illness, resulting in greater pain and misery than otherwise would be expected.

Because plaintiff has set forth cognizable constitutional or federal claims, the case will proceed.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted. Plaintiff may proceed with an Eighth Amendment claim against both defendants based on the allegations that defendants took no action after observing plaintiff unconscious lying in his own

5

vomit. Plaintiff also may proceed with claims that Horzewski failed to take appropriate action after James reported vomit in his blood, and claims against Marquez regarding his alleged inaction after learning of James' injury to his forehead and his provision of solid food to James when knowing James was on a liquid diet. All other claims are dismissed.

**IT IS ORDERED** that the Milwaukee County Sheriff or his designee shall collect from the plaintiff's prison trust account the $350 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

6

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Jail Administrator and to William Domina, Milwaukee County Corporation Counsel, 901 N. 9th Street, Milwaukee, WI 53233.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this  30th  day of December, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge